IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WANDA J. HARRIS, | ) | |
| | ) | No. 13 CV 04443 |
| Plaintiff, | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| CITY OF CHICAGO BOARD | ) | Magistrate Judge Schenkier |
| OF EDUCATION | ) | |
| Defendant. | ) | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant Board of Education of the City of Chicago ("Board") by its attorneys, General Counsel James L. Bebley and Assistant General Counsel Brian J. Flores, hereby submits its answer, affirmative defenses and jury demand to Plaintiff's ("Plaintiff") complaint.

### ANSWER

1. This is an action for employment discrimination.

   **ANSWER:** **Defendant Board admits the allegations in Paragraph 1.**

2. The plaintiff is Wanda J. Harris of the county of Cook in the state of Illinois.

   **ANSWER:** **The Board admits that Wanda J. Harris is Plaintiff. However, Defendant Board lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.**

3. The defendant is City of Chicago Board of Education, whose street address is 125 So. Clark (city) Chicago (county) Cook (state) Illinois, (ZIP) 60603 (Defendant's telephone number) (773) 553-1000.

   **ANSWER:** **Defendant Board admits the allegations in Paragraph 3.**

4. The plaintiff sought employment or was employed by the defendant at (street address) City of Chicago Board of Education (city) Chicago (county) Cook, (state) Il (zip code) 60603.

**ANSWER: Defendant Board admits the allegations in Paragraph 4.**

5. The plaintiff [check one box] (c) was employed but is no longer employed by the defendant.

**ANSWER: Defendant Board admits the allegations in Paragraph 5.**

6. The defendant discriminated against the plaintiff on or about, or beginning on or about (month) 08, (day) 29, (year) 2010. (See other instances attached). The defendant discriminated against the plaintiff on or about
    (month) 10 (day) 15(year) 2010
    (month) 11 (day) 01 (year) 2010
    (month) 12 (day) 29 (year) 2010
    (month) 08 (day) 29 (year) 2011
    (month) 09 (day) (year) 2011
    (month) 06 (day) (year) 2011
    (month) 11 (day) 29 (year) 2011
    (month) 12 (day) 01 (year) 2011
    (month) 12 (day) 14 (year) 2011
    (month) 12 (day) 15 (year) 2011
    (month) 01 (day) 05 (year) 2012
    (month) 02 (day) 23 (year) 2012
    (month) 06 (day) 18 (year) 2012

**ANSWER: Defendant Board denies the allegations in Paragraph 6.**

7.1 (a) The defendant is not a federal governmental agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies: (i) The United States Equal Employment Opportunity Commission, on or about (month) 12 (day) 27 (year) 2012. (b) If charges were filed with an agency indicated above, a copy is the charge is attached. YES.

**ANSWER: Defendant Board admits the allegations in Paragraph 7.1.**

8.(b) The United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue which was received by the plaintiff on (month) 03, (day) 22, (year) 2013 a copy of which Notice is attached to this complaint.

**ANSWER: Defendant Board admits that the United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue for Charge No. 440-2013-00572, a copy of which is attached. Defendant Board lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8.**

9. The defendant discriminated against the plaintiff because of the plaintiff's (a) Age (Age Discrimination Employment Act). (e) Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

**ANSWER: Defendant Board denies the allegations in Paragraph 9.**

10. If the defendant is a state, county municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. §1983).

**ANSWER: Defendant Board denies the allegations in Paragraph 10.**

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); for 42 U.S.C. §1981 and §1983 by 42 U.S.C. §1988; for the A.D.E.A. by 42 U.S.C. §12117; for the rehabilitation Act, 29 U.S.C. §791.

**ANSWER: Defendant Board denies that Plaintiff has plead any action under the Rehabilitation Act, 29 U.S.C. §791. Defendant Board admits the remaining allegations in Paragraph 11.**

12. The defendant (b) terminated the plaintiff's employment. (f) failed to stop harassment; (g) retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above.

**ANSWER: Defendant Board denies the allegations in Paragraph 12.**

13. The facts supporting the plaintiff's claim of discrimination are as follows: I began my employment with the respondent in or about September 1983. My most recent position was as School Psychologist. During my employment I was disciplined. I complained to respondent. In or around June 2012, I was constructively discharged. I believe I was discriminated against because of my race, Black, and in retaliation for engaging in protected activity, in violation of Title VII of the

Civil Rights Act of 1964, as amended. I also believe I was discriminated against because of my age, 55, (D.O.B.: August 29th 1956), and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

**ANSWER: Defendant Board admits that Plaintiff's most recent position was School Psychologist. Defendant Board further admits that Plaintiff was disciplined during her employment. Defendant Board admits that Plaintiff's separation of employment occurred in or about June 2012. Defendant Board admits that Plaintiff has self reported her date of birth to be August 29, 1956. Defendant Board denies the remaining allegations in Paragraph 13.**

14. [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

**ANSWER: Defendant Board denies the allegations in Paragraph 14.**

15. The plaintiff demands that the case be tried by a jury. YES

**ANSWER: Defendant Board admits that Plaintiff demands a trial by jury.**

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff. (f) Direct the defendant to (specify): I was forced to work long overtime hours. I had to pay for years of service in cash because I was forced to retire. My retirement, that was forced upon me, left me without benefits. I have taken employment that is only 2/3rds of my previous pay. I lost 1/3 of my wages. I have had to travel a substantial distance to get employment. (g) If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidate/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees. (h) Grant such other relief as the Court may find appropriate.

**ANSWER: Defendant Board denies that Plaintiff is entitled to any of the alleged relief sought and further denies the remaining allegations in Paragraph 16.**

## JURY DEMAND

Defendant BOARD OF EDUCATION OF THE CITY OF CHICAGO respectfully demands trial by jury.

# AFFIRMATIVE DEFENSES

1. To the extent that Plaintiff failed to mitigate her damages, her recovery, if any, should be reduced.

2. To the extent that Plaintiff seeks punitive damages, Defendant Board cannot be held liable for punitive damages pursuant to 42 U.S.C. § 1981a(b)(1). *See Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997); 42 U.S.C. § 1981a(b)(1) (precluding punitive damages under Title VII against a government or government agency); *Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997) (same); *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 773 (7th Cir. 2002) (under the ADEA, "[p]laintiffs may not ... recover money damages for pain and suffering, nor may they obtain punitive damages"); *Bell v. City of Milwaukee*, 746 F.2d 1205, 1270 (7th Cir. 1984) (precluding punitive damages against a municipality under § 1981, overruled on other grounds, *Russ v. Watts*, 414 F.3d 783, 791 (7th Cir. 2005).

3. To the extent that Plaintiff seeks compensatory damages under Title VII and the ADEA, Defendant Board cannot be held liable for such compensatory damages. *See Espinueva v. Garrett*, 895 F.2d 1164, 1165 (7th Cir.1990) ("Neither Title VII nor the ADEA authorizes awards of compensatory or punitive damages, as opposed to "equitable" relief such as reinstatement and back pay"); *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 773 (7th Cir. 2002) (under the ADEA, "[p]laintiffs may not ... recover money damages for pain and suffering, nor may they obtain punitive damages")

4. Allegations regarding events that occurred more than 300 days prior to the time Plaintiff filed her charges with the Equal Employment Opportunity Commission are time-barred.

5. Allegations that Plaintiff failed to raise before the Equal Employment Opportunity Commission are barred.

6. Defendant established a reasonably accessible procedure by which alleged victims of discrimination, harassment, retaliation, or other inappropriate activities could make their complaints known to appropriate officials who were in a position to respond to complaints. Plaintiff unreasonably failed to use such procedures or to otherwise avoid harm.

Respectfully submitted,

JAMES L. BEBLEY
General Counsel

s/ Brian J. Flores
Brian J. Flores
Assistant General Counsel
Attorney for Board of Education
Board of Education of the
City of Chicago - Law Department
125 South Clark, 7th Floor
Chicago, Illinois 60603
(773) 553-1700

## CERTIFICATE OF SERVICE

I, Brian Flores, certify that I caused the attached **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND JURY DEMAND,** to be served upon Plaintiff Wanda J. Harris, 7837 South Langley, P.O. Box 19391, Chicago, Illinois 60619 via U.S. Mail, on this 3rd day of October, 2013.

<u>s/Brian J. Flores</u><br>
Brian J. Flores